UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **RANDY C. MARSHALL** | **CIVIL ACTION NO. 5:12-cv-2914** |
| **LA. DOC #539910** | |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **BURL CAIN, WARDEN** | **MAG. JUDGE KAREN L. HAYES** |

**Memorandum Ruling**

Before the Court is a Report and Recommendation by Magistrate Judge Hayes which had objections filed by the Petitioner. The Petitioner also filed a Motion to Stay the Proceeding.

The Report and Recommendation of the Magistrate Judge [Record Document 40] having been considered, together with the written objections thereto filed with this Court, and, after a *de novo* review of the record, finding that the Magistrate Judge's Report and Recommendation is correct and that judgment as recommended therein is warranted, a Judgment shall follow in which it will be ordered, adjudged, and decreed that Petitioner's Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254 [Record Document 1] will be **DENIED AND DISMISSED WITH PREJUDICE**.

Additionally, the Motion to Stay filed by the defendant is **DENIED**. The Petitioner filed a Motion to Stay regarding this case following the issuance of the Report and Recommendation. The purpose of granting a stay is to excuse "a petitioner's failure to present his claims first to the state courts." Rhines v. Weber, 544 U.S. 269, 270 (2005). Thus, "a stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims." Id. Stated differently, a stay is only appropriate if the district court determines that a petitioner failed to exhaust his claim. Here, Magistrate Hayes did not determine that Marshall failed to exhaust his claims; rather, Magistrate Hayes addressed the Petition on the merits. This was not

improper because 28 U.S.C. 2254(b)(2) states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Section 2254 states that an application for writ shall not be granted unless a petitioner has not exhausted his claims  (See 28 U.S.C. 2254(b)(1)), it does not say that an application can't be denied if a petitioner hasn't exhausted his claims.

In fact, the Supreme Court in Rhines stated that a "district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless." Rhines, 544 U.S. at 270.  Here, it seems that the district court would abuse its discretion if it granted a stay after already determining that the claims are without merit.  Accordingly, the Motion to Stay is **DENIED**.

A written judgment shall follow.

**THUS DONE AND SIGNED** this 25th day of February, 2014, in Shreveport, Louisiana.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE